## THOMPKINS v. STATE. (No. 5874.)

(Court of Criminal Appeals of Texas. Oct. 13, 1920.)

**Criminal law ⬠1131(7)—Motion to reinstate appeal a month after adjournment of term is too late.**

Though the court has jurisdiction over motions to reinstate appeals during the term at which its judgment dismissing the appeal was rendered, or, under the statute, for 15 days after the rendition of the judgment if the term expires in the meantime, a motion to reinstate the appeal, made more than a month after the rendition of the judgment dismissing the appeal and a month after the adjournment of the term, is too late.

Appeal from District Court, Newton County; J. T. Adams, Judge.

Arthur Thompkins was convicted of a crime, and his appeal was dismissed by the Court of Criminal Appeals (222 S. W. 1103). On motion to reinstate. Motion overruled.

A. L. Shaw, of Beaumont, for appellant.
Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. On the 23d of June last this appeal was dismissed for reasons stated in the opinion. This court adjourned for the term on June 25, 1920. Under the law this court would have jurisdiction over its cases on motions of this character for 15 days after the rendition of the judgment. Its jurisdiction, after the adjournment of the term, over judgments of the court would seem to cease at the expiration of the 15 days. The rule would be different during the term, because the court, as a general rule, has jurisdiction over its judgments during the existence of its term. Its jurisdiction over judgments cease at the expiration of the term, but it would seem by the statute that the jurisdiction of this court would extend, or might extend, beyond its termination by reason of the 15 days above mentioned. The record shows that the mandate issued on the 9th day of July, which was after the expiration of the 15 days allowed for filing motions for rehearing. The motion to reinstate was not filed until July 26th, which was more than 30 days after the rendition of the judgment, and nearly a month, or about a month, after the adjournment of the term of court. The statute would seem to limit the jurisdiction of the court in such matters to 15 days after the rendition of the judgment, or at least not later than 15 days in any event after the adjournment of the term. The motion to reinstate comes too late. There is no sufficient reason stated why the motion was not filed earlier or within the time; that is, within 15 days allowed by law. Appellant now alleges that there was in fact a sentence pronounced against him during the term at which he was tried, and proper notice of appeal given. In order to have his motion considered, it occurs to us he must be brought within the terms of the law in order to invoke the jurisdiction of this court in regard to such action.

Believing that the motion comes too late, and that the certiorari cannot be legally awarded, the motion to reinstate is therefore overruled.